McKinney, J.
delivered the opinion of the court.
This is an action of trover brought by the defendant in error, against the plaintiff in error, for the conversion of a slave and other personal property conveyed in trust by David Las-siter in his life time, to the defendant in error, as trustee to secure a debt of $48 13, alledged in the deed to be due from the intestate to Robert W. Wilson, and another of $6 55 to James B. Cole. The property conveyed is estimated to have been worth about $300 00. The deed of trust was executed on the 12th day of March 1846, and provided, that if the foregoing debts were not paid before the 25th day of December 1846, the trustee might proceed to sell the property conveyed at public sale for cash, and appropriate the proceeds to the *622 satisfaction of said debts, and expenses; the surplus, if any, to be paid over to said David Lassiter: it also stipulated that the property should remain in the possession of Lassiter until called fpr by the trustee. Lassiter died before the time of payment fixed upon in the deed, and administration upon, his estate was granted to the plaintiff in error.
The property conveyed in said deed of trust, remaining in the possession of Lassiter' at his death, was taken into possession by the plaintiff in error, and claimed by her as part of the assets of the estate, which was insolvent; and refusing to deliver the same to the defendant in error on the ground that the conveyance was fraudulent, this suit was instituted. A verdict was found in favor of the plaintiff below, for $37 07 damages, upon which judgment was rendered, and a new trial having been refused, an appeal in error was prosecuted to this court. From the bill of exceptions it appears, that on the trial in the circuit court the defendant offered to prove, that the estate was insolvent and had been so reported in proper form to the clerk of the county court, by the personal .representative, before the commencement of the' suit. The defendant also proposed to prove, that at the time of executing said deed of trust, said David Lassiter was largely indebted, by judgment and otherwise to different persons, and the said deed of trust was made to hinder, delay and defraud creditors whose debts remained due and unsatisfied, and that the trustee was a party to the fraud. But the court held,. that all the foregoing evidence was inadmissible, upon the ground that the personal representative of David Lassiter could not be heard to impeach the deed for fraud; that being conclusive as against the maker, though fraudulent, it was equally so against his personal representative, notwithstanding the estate was insolvent. The only question is, whether or not the court properly refused to admit the evidence offered. It is unquestionably true, that a conveyance made to hinder, delay *623 or defraud creditors, however inoperative and void as to them is valid and binding as between the parties, their heirs, executors or administrators. They are equally estopped in such case, to impeach the transaction for fraud. Such is the uniform rule of the common law, and such is the obvious import of the statute, 13 Eliz. Ch. 5, and of the act of 1801, ch. 25.
The counsel for the plaintiff in error, however, admitting the law to be so, in its general application — insists, that the acts of 1833, ch. 56, 1838, ch. 111, providing for the equitable distribution of insolvent estates among creditors, have altered the law in this respect and introduced a new and different rule in reference to cases falling within their provisions; that by the proper consideration of these acts the personal representative of the insolvent estate is constituted the trustee and representative of the creditors, through whom they must enforce their claims upon the estate, and that he is therefore necessarily invested with all the rights of creditors and may assert all such rights,' and 'avail himself of such defences, as might have previously been asserted or made available by creditors. We cannot concur in this construction of the acts referred to. We perceive nothing in these acts indicating an intention on the part of the legislature to change the rule that the personal representative, standing as he does in the shoes of his intestate, cannot be permitted to allege the fraud of the intestate in avoidance of his deed — a rule too long and firmly established, whatever may be thought of its policy, to be disturbed upon mere doubtful construction. The relations of the personal representative, to the estate remain unchanged; no new duty or liability is imposed upon him in respect to the collection of the assets. He is to distribute, under the direction of the chancellor or of the clerk of the county court, as the case may be — such assets as by law it was made his duty to reduce into his possession; but he is ho more accountable *624 for, nor had he any thing more to do with the goods and effects which may have been conveyed by the intestate in his life time, however fraudulently, than before the passage of the act of 1833. While we are of opinion, therefore, that under the acts referred to, the personal representative of an insolvent estate cannot impeach a fraudulent conveyance made by the intestate, we see no obstacle in the way of creditors. It may indeed be well doubted, whether since the passage of these acts, a creditor could not maintain an action atlaw against the fraudulent vendee, as executor de son tort; if he could do so it would only be in the character of trustee for the joint benefit of all the creditors pro rata: however, the remedy is unembarrassed and ample; any creditor, for himself and the other creditors, may file a bill aganst the fraudulent vendee to have the conveyance declared void, the property delivered and proceeds thereof distributed pro rata, according to the provisions of the acts of 1833 and 1838. There is no error in this record, and the judgment of the circuit court will therefore be affirmed.